**In re WESTBROOK FOODS, LTD., Debtor.**

**WESTBROOK FOODS, LTD., Plaintiff,**

**v.**

**H. Michael MEARS, Patricia H. Mears, Defendants.**

**Bankruptcy No. 80–02154.**

United States Bankruptcy Court,
E. D. Virginia,
Newport News Division.

Nov. 6, 1980.

Dean W. Sword, Jr., Portsmouth, Va., for plaintiff.

Robert E. Quinn, and William C. Andrews, III, James, Richardson, James, Sawyer & Quinn, Hampton, Va., for defendants.

### MEMORANDUM OPINION

HAL J. BONNEY, Jr., Bankruptcy Judge.

This case is an excellent example of a proceeding tried in the bankruptcy court which under the Bankruptcy Act would have been tried in State Court. It was tried quickly upon removal and this is the decision on the contractual issue.

Westbrook Foods, Ltd., a fast–food fried chicken outlet, filed a petition for reorganization under Chapter 11 of the Bankruptcy Code on April 21, 1980. Promptly thereafter, Westbrook Foods, the debtor–in–posses-

sion, filed an application to remove a civil action then pending in the Circuit Court of the City of Hampton, Virginia.

The debtor had problems even before it opened its doors for business. The building and lot now occupied were under construction in the fall of 1977. Heavy rains caused incessant construction and, more importantly, paving delays. Although the debtor had a December 15, 1977, occupation date, the rain prevented the general contractor from completing the parking lot. The contractor knew that the lot would break up if it were paved while the land was too damp.

Nevertheless, economic necessity forced Westbrook Foods to insist that the Mearses, the landlords and defendants here, proceed with the paving. As predicted, the lot began to disintegrate, cracks and one huge hole developed, and the work had to be redone at a cost of some $4000. Pursuant to the terms of a contract between the parties, the debtor notified the defendants of the condition of the parking lot and the necessity for repairs. When no response was forthcoming, the debtor secured its own paving contractor and had the lot repaved and paid the contractor. This civil action was subsequently filed in the State court seeking to recover the cost of the repairs from the defendants.

The principal issue before the Court is whether the parties modified the contract between them.

The original contract between the parties [plaintiff's exhibits numbers 4 and 5, clause 10] provided that Mearses were responsible for repairs to the parking lot for one year after its completion. The defendants concede the point and argue that the language is irrelevant and non–binding by virtue of a subsequent *oral* modification of the contract.

The plaintiff argues that the parol evidence rule precludes testimony of this nature; the contract is a full, final, integrated record of the agreement between the parties and may not be contradicted by evidence of an oral agreement that varies a material term of that document.

■ In Virginia, that parol evidence rule is regarded as a rule of substantive law, and not merely a rule of evidence. It is, therefore, incumbent upon this Court to apply the rule as interpreted by the Courts of the Commonwealth.

■ The general rule is well settled that parol evidence of prior or contemporaneous oral negotiations or stipulations are inadmissible to vary, contradict, add to or explain the terms of a complete, unambiguous written instrument. *Whitt v. Godwin*, 205 Va. 797, 139 S.E.2d 841 (1965); *Walker and Laberge Co. v. First National Bank*, 206 Va. 683, 146 S.E.2d 239 (1966). The written agreement is the best evidence of the contract, absent fraud or mistake. *Globe Iron Construction Co. v. First National Bank*, 205 Va. 841, 140 S.E.2d 629 (1965).

■ However, the rule does not apply to a subsequent agreement. Parol evidence is admissible to prove a *new* and distinct agreement upon a new consideration. The parties to a contract are free to vary the terms of that contract. *Piedmont Mountain Airy Guano Co. v. Buchanan*, 146 Va. 617, 131 S.E. 793 (1926).

■ The new agreement between the parties does not contradict or change the terms of the contract, but establishes independent facts to avoid the effect of it. Nevertheless, the agreement which abrogates a prior written contract must be clearly proved. *Kent v. Kent*, 2 Va.Dec. 674, 34 S.E. 32 (1899).

■ In this case the defendants have carried the burden of proof. The evidence is clear and uncontradicted that the general contractor refused to pave the parking lot of the restaurant while the grounds were so thoroughly soaked. Nevertheless, the parties agreed to pave the lot immediately so that the business could open. In return for this, the plaintiff agreed to limit the potential liability of the defendants for future problems with the parking lot to $300. This subsequent agreement is supported by adequate consideration and does not fall within the ambit of the parol evidence rule. It is binding upon the parties.

Westbrook Foods had two alternatives. It could have waited until conditions permitted a proper laying of the lot and drive and enjoyed the guarantee or warranty the agreement provided for one year after completion. Or it could have exercised its rights for failure to be put in possession by December 15th.

Instead, it made a new contract: immediate installation with a $300 warranty.

And that is what it must live with.

The Court awards the plaintiff damages against the defendants in the sum of $300.

IT IS SO ORDERED.